IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSHUA S. FRIEBEL and
ELIZABETH F. FRIEBEL,
husband and wife,

    Plaintiffs,

vs.                                       CASE NO. 5:10-cv-120/RS-EMT

PARADISE SHORES OF BAY COUNTY,
LLC, a Florida limited liability company;
ROBERT E. BLACKERBY, an individual;
MAGNUM CAPITAL, LLC, a Florida limited
liability company; DURDEN ENTERPRISES
II, INC., a Delaware corporation; DURDEN
ENTERPRISES, LLC, a Florida limited
liability company; ESTATE OF KEDRICK
EARL DURDEN; MICHAEL EARL DURDEN,
as Personal Representative of the Estate of
Kedrick Earl Durden; and MH I, LLC, a Florida
limited liability company,

    Defendants.
_____/

## ORDER

Before me is Robert Blackerby, Magnum Capital, and MH I's Motion to Dismiss Paradise Shores of Bay County Crossclaim (Doc. 63) and Paradise Shores of Bay County's Response (Doc. 76).

### I. Standard of Review

To survive a motion to dismiss, a complaint must contain sufficient facts, which accepted as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569, 127 S. Ct.

1955, 1974 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). In making this determination, the court must accept all factual allegations in the complaint as true and in the light most favorable to Plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182 (2003).

## II. Analysis

Paradise Shore's Crossclaim (Doc. 42, p. 22-23), asserts that "if Defendant, Paradise Shores of Bay County, LLC is forced to pay Plaintiffs any money pursuant to this litigation, Defendant Paradise Shores of Bay County, LLC is entitled to seek full compensation from the Blackerby Cross-Defendants."

Nowhere does Paradise Shores allege that it is entitled to "indemnification." This term is not magical, but it alerts the parties to a legal theory upon which relief could be granted. Merely alleging "compensation" is not sufficient. This is true especially in the light of the absolute paucity of facts that Paradise Shores has put to paper that would support a basis for its crossclaim. Simply stating that Blackerby, *et al.,* "are liable" to Paradise Shores (Doc. 76, p.3) does not address essential elements of indemnification, such as the existence of a valid contract. Allowing the crossclaim to proceed would leave the parties to guess under what theory it is proceeding and does not meet the standards set forth in *Twombly,* 50 U.S. at 569, 127 S. Ct. at 1974. Accepting all of the allegations as true, the crossclaim does not state a claim to relief that is plausible on its face.

**IT IS ORDERED** that the Crossclaim of Defendant Paradise Shores of Bay County, LLC against Defendants Robert E. Blackerby, Magnum Capital, LLC, and MH I, LLC (Doc. 42, P. 22-23) is dismissed.

**ORDERED** on November 15, 2010

            <u>/S/ Richard Smoak</u>
            **RICHARD SMOAK**
            **UNITED STATES DISTRICT JUDGE**