IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSHUA S. FRIEBEL and
ELIZABETH F. FRIEBEL,
husband and wife,

    Plaintiffs,

vs.                               CASE NO. 5:10-cv-120/RS-EMT

PARADISE SHORES OF BAY COUNTY,
LLC, a Florida limited liability company;
ROBERT E. BLACKERBY, an individual;
MAGNUM CAPITAL, LLC, a Florida limited
liability company; DURDEN ENTERPRISES
II, INC., a Delaware corporation; DURDEN
ENTERPRISES, LLC, a Florida limited
liability company; ESTATE OF KEDRICK
EARL DURDEN; MICHAEL EARL DURDEN,
as Personal Representative of the Estate of
Kedrick Earl Durden; and MH I, LLC, a Florida
limited liability company,

    Defendants.
_____/

## ORDER

Before me are Defendants Robert E. Blackerby, Magnum Capital LLC, and MH I LLC's Motion for Summary Judgment (Doc. 116) and Plaintiffs' Response in Opposition (Doc. 127).

### Standard of Review

Summary judgment is appropriate when "there is no genuine issue as to any material fact . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). In other words, the basic issue before the court is "whether the evidence

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986).  The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).  Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).  However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251).

## Background

This is a run-of-the-mill buyers' remorse case, where the Plaintiffs are unsatisfied with the condition of their recently purchased condominium unit.  The seemingly straight forward case has been complicated by the myriad legal theories that plaintiffs raise.  The eleven-count complaint reads like a law school torts exam.  Listing every conceivable theory of recovery may make for a good grade in class, but, in court, it unnecessarily obscures the true issues.

Plaintiffs, husband and wife, entered into a Purchase and Sale Agreement ("the Agreement") for Unit 204 at the Paradise Shores Condominiums in Mexico Beach, Florida on July 10, 2005. Plaintiffs signed the agreement, and Defendant Robert Blackerby also signed as an authorized agent for Defendant Paradise Shores of Bay Count LLC ("Paradise Shores") (Doc. 38, Exhibit A). At this time, Paradise Shores was co-owned by Defendant Robert Blackerby and Defendant Durden Enterprises LLC.[1]

Before the Agreement was consummated, Plaintiffs presumably reviewed a prospectus (Doc. 123, Exhibit 117), that named Magnum Capital, LLC ("Magnum Capital") as the developer.

Nearly two years after signing the Agreement, on June 19, 2007, the property in question was conveyed by warranty deed from the grantor, Paradise Shores, to the Plaintiffs. Defendant Robert Blackerby signed the deed on behalf of Paradise Shores in his capacity as managing member of Defendant MH I, LLC ("MH I") (Doc. 38, Exhibit B). By this time, Paradise Shores was co-owned by Defendant MH I, wholly owned by Defendant Robert Blackerby, and Defendant Durden Enterprise LLC.[2]

After taking possession of unit 204, the Plaintiffs became aware of numerous defects including, among other things, mold, water intrusion, plumbing leaks, and structural defects. Plaintiffs allege that all Defendants were aware of the defects prior to closing and chose not to inform Plaintiffs. On April 1, 2008, Defendant Paradise Shores

---

[1] Plaintiffs allege that Defendant Robert Blackerby was the sole owner of Paradise Shores from its inception until April 5, 2005, when Defendant Robert Blackerby conveyed a 50% interest in Paradise Shores to Durden Enterprises LLC (Doc. 127, p.5).
[2] Plaintiffs allege that on December 7, 2005, Defendant Robert Blackerby assigned his 50% interest in Paradise Shores to MH I, which was wholly owned by Defendant Robert Blackerby (Doc. 38, p. 5).

filed suit in Bay Count Circuit Court, Florida, against several contractors relating to deficiencies in the building (Doc. 38, p. 6-7).  On May 18, 2010, Plaintiffs filed this case against numerous defendants, including those involved in this Motion--Defendants Robert Blackerby, MH I, and Magnum Capital.

## Discussion

### A. Florida Limited Liability Companies

In Florida, a LLC can be sued and can defend in its own name.  FLA. STAT. § 608.404(1).  As a result, "the members, managers, and managing members of a [LLC] are not liable, *solely* by reason of being a member or serving as a manager or managing member, under a judgment, decree, or order of a court, or in any other manner, for a debt, obligation, or liability of the limited liability company."  FLA. STAT. § 608.4227 (emphasis added).

In certain circumstances, a managing member may be liable for acts of malfeasance.  A managing member may be personally liable for monetary damages to the "limited liability company . . . or any other person for any statement, vote, decision, or failure to act regarding management or policy decisions by a manager or a managing member," where:

> (a) The manager or managing member breached or failed to perform the duties as a manager or managing member; and
>
> (b) The manager's or managing member's breach of, or failure to perform, those duties constitutes any of the following:
>
>> 1. A violation of the criminal law, unless the manager or managing member had a reasonable cause to believe his or

>her conduct was lawful or had no reasonable cause to believe such conduct was unlawful . . .
>
>2. A transaction from which the manager or managing member derived an improper personal benefit, either directly or indirectly.
>
>3. A distribution in violation . . .
>
>4. In a proceeding by or in the right of the limited liability company to procure a judgment in its favor or by or in the right of a member, conscious disregard of the best interest of the limited liability company, or willful misconduct.
>
>5. In a proceeding by or in the right of someone other than the limited liability company or a member, recklessness or an act or omission which was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

FLA. STAT. § 608.4228

A second way that a member (or related entity) could be found liable for the actions of an LLC is though piercing the corporate veil.  "In any case in which a party seeks to hold the members of a limited liability company personally responsible for the liabilities or alleged improper actions of the limited liability company, the court shall apply the case law which interprets the conditions and circumstances under which the corporate veil of a corporation may be pierced under the law of this state." FLA. STAT. § 608.701.  *See also 17315 Collins Ave., LLC v. Fortune Dev. Sales Corp.*, 34 So. 3d 166, 168 (Fla. Dist. Ct. App. 3d Dist. 2010) (finding doctrine applicable to two LLCs in a parent-subsidiary relationship where the two operated as alter egos).

Plaintiffs have not briefed the issues relating to the Florida LLC statutes or the doctrine of piercing the corporate veil.  I am, nonetheless, bound to apply the law as it exists to the facts and allegations presented.

### B. Fraud Based Allegations—Counts I, II, and III

Plaintiffs have three fraud based allegations – fraud, fraudulent concealment, and fraudulent misrepresentation.  These claims cover virtually identical ground, and Plaintiffs would be wise to cull the best fraud claim from the group.[3]

Defendants Robert Blackerby, Magnum Capital, and MH I assert that the fraud based allegations are without merit because the defendants did not "owe a duty to disclose" to Plaintiffs (Doc. 166, p. 14).  As for Counts I and III, as a matter of law, a duty to disclose is not an element of common law fraud or fraudulent misrepresentation.  *Supra* note 3.  Those fraud claims require an affirmative act of misrepresentation.  Fraudulent concealment, on the other hand, is premised on an omission and does require a duty to disclose.  *Id*.

"It is well-settled . . . that individual officers and agents of a corporation may be held personally liable for their tortious acts, even if such acts were committed within the scope of their employment or as corporate officers." *Wadlington v. Cont'l Med. Servs.*, 907 So. 2d 631, 633 (Fla. Dist. Ct. App. 4th Dist. 2005) (citation omitted).  By

---

[3] Both common law fraud and fraudulent misrepresentation share the same four elements: (1) A false statement concerning a material fact; (2) Knowledge by the person making the statement that the representation is false; (3) The intent by the person making the statement that the representation will induce another to act on it; (4) Reliance on the representation to the injury of the other party.  *Compare Tucker v. Mariani*, 655 So. 2d 221 (Fla. Dist. Ct. App. 1st Dist. 1995) (discussing common law fraud), *with Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010) (discussing fraudulent misrepresentation).  Fraudulent concealment has the added element of a duty to disclose.  *See Johnson v. Davis*, 480 So. 2d 625, 628 (Fla. 1985).

implication, it is clear from corporate law that managing members can be personally liable for their fraudulent conduct in an LLC. FLA. STAT. § 608.4228 (1) (b) (5) supports this proposition by providing that managing members may be personally liable for acts of "recklessness or . . . act[s] of omission which [were] committed in bad faith or malicious purpose or in a manner exhibiting wanton disregard of human rights, safety, or property."[4]

In the light most favorable to the Plaintiffs, the managing members of Paradise Shores -- Defendants Robert Blackerby and MH I -- could be found liable for the alleged fraudulent conduct for misrepresentation, or failure to disclose.

The liability issues for Magnum Capital are different from those of Mr. Blackerby and MH I because Magnum Capital was never a managing member of Paradise Shores. Rather, if there is to be liability, it must be premised on Magnum Capital's own actions and not on actions taken on another Defendant's behalf.

Plaintiffs allege, and the evidence supports, that Magnum Capital created the prospectus for the condominium development (Doc. 123, Exhibit 117), corresponded with Plaintiffs both before and after the closing (Doc. 123, Exhibit 116), and that Paradise Shores paid Magnum Capital a development fee of $757,000. (Doc. 123, Exhibits 121, 122).

Fraud requires that there be misrepresentations of material fact, and knowledge on behalf of the misrepresentor. *Supra* note 3. Had Magnum Capital's involvement been

---

[4] Both parties dwell on the issue of whether Defendants had a duty to disclose. If Paradise Shores had such a duty, as it appears is the case, the issue of whether the managing members also had a duty is mooted by this section of Florida statute.

limited to developing the prospectus, it could not have had the required *mens rea* to commit fraud because the existence of building defects could not have been known until the building was constructed. The fact that communications between Plaintiffs and Magnum Capital continued throughout the period from prospectus, to development, to closing indicates that it was more than a mere bystander. Instead, its active participation in the project makes it liable for any fraudulent actions that it may have participated in. And, in the light most favorable to Plaintiffs, there is sufficient evidence to let these allegations go forward.

### C. Negligence Based Allegations—Counts IV, V, VI

Without belaboring the point, three negligence allegations are unnecessarily repetitive. Here, Plaintiffs allege negligent misrepresentation, negligence, and gross negligence. Similar to the fraudulent concealment count, these claims are based upon a failure to disclose.

Plaintiffs' negligence and negligent misrepresentation claims are essentially the same. They require the following: (1) a statement concerning a material fact that was believed to be true but which was in fact false; (2) that defendant was negligent in making the statement because he should have known the statement was false; (3) that in making the statement, defendant intended, or expected that another would rely on the statement; and (4), that claimant justifiably relied on the false statement. *In re Std. Jury Instructions in Civil Cases -- Report No. 09-01 (Reorganization of the Civil Jury Instructions)*, 35 So. 3d 666, 754 (Fla. 2010).

Plaintiff also alleges a cause of action for gross negligence. Gross negligence merely alters the second element above such that "the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct." FLA. STAT. § 768.72.

Defendants Blackerby and MH I, the managing members of Paradise Shores, cannot be held liable for negligent conduct resulting from their actions taken on behalf of Paradise Shores. A higher state of culpability is required. *See* FLA. STAT. § 608.4228. They may, however, be liable for gross negligence. *See id.* ("For the purposes of [Section 608.4228], the term 'recklessness' means acting, or failing to act, in conscious disregard of a risk known, or so obvious that it should have been known, to the manager or managing member, and known to the manager or managing member, or so obvious that it should have been known, to be so great as to make it highly probable that harm would follow from such action or failure to act.").

Magnum Capital can be held liable for any of its negligent actions for the same reasons set forth in Section B, *supra*. There is sufficient support to allow these claims to go forward.

### D. Contract Based Allegations—Counts VII and XI

It is an elementary principle of contract law that only a party to a contract may be bound by the contract's terms. RESTATEMENT (SECOND) OF CONTRACTS, § 9 (1979). Here, the Purchase and Sale Agreement (Doc. 38, Attach. 1) identifies the seller as "Paradise Shores of Bay County, LLC" and is signed by Defendant Robert E. Blackerby as their "authorized agent." Further, the Plaintiffs have alleged that only Defendant

Paradise Shores, LLC has breached the agreement and has not raised any meaningful argument why other Defendants should be bound by its terms.

### E. Statutory Warranty Claim—Count VIII

Florida Statute section 718.203 (1) provides that a "developer shall be deemed to have granted to the purchaser of each [condominium] unit an implied warranty of fitness and merchantability. A "'developer' means a person who creates a condominium or offers condominium parcels for sale or lease in the ordinary course of business." Fla. Stat. § 718.103. Here, the parties dispute whether Defendants Blackerby, Magnum Capital, and MH I are developers within the statutory definition.

"A condominium is created by recording a declaration in the public records of the county where the land is located, executed and acknowledged with the requirements for a deed." Fla. Stat. § 718.104 (2). The Declaration of Condominium, which was recorded, specifically states that the developer is "Paradise Shores of Bay County, LLC (Doc. 118, Exhibit 1). Likewise, the Purchase and Sale Agreement (Doc. 38, Attach. 1) identifies the seller as "Paradise Shores of Bay County, LLC." From the face of these documents, it appears that neither Defendant Blackerby, Defendant Magnum Capital, nor Defendant MH I meet the definition of 'a person who creates a condominium.' The inquiry does not end here.

The second way to be classified as a developer is to offer the condominium for sale in the ordinary course of business. Defendant Magnum Capital created the prospectus which was a sales advertisement inviting prospective buyers to "come join us in paradise (Doc. 123, Exhibit 118)." Based on the plain language of Fla. Stat. § 718.103, Magnum

Capital is a developer.  Plaintiffs have come forth with sufficient evidence to support a contention that this statutory warranty has been breached by Magnum Capital.

Plaintiffs also allege that Defendant Blackerby meets the definition of developer because the prospectus for the property in question (Doc. 123, Exhibit 288) stated that, "Robert E. Blackerby is responsible for all facets of the development for Paradise Shores, including construction activities, development activities, and sales and marketing activities."  Plaintiffs' argument fails for two reasons.  First, the paragraph preceding the one Plaintiffs cite unequivocally states that "the Condominium is a development of Paradise Shores of Bay Count LLC, (The 'Developer')."  This statement is most on point and undermines Plaintiffs' assertion.

Second, the plain language of the prospectus states that Mr. Blackerby develops "for" Paradise Shores.  This means that Mr. Blackerby was acting "as a representative of, [or] on behalf" of Paradise Shores and not on his own account.  NEW WEBSTER'S DICTIONARY AND THESAURUS 336 (1992). In other words, Mr. Blackerby was an agent, and not the principal.  The fact that Mr. Blackerby signed the warranty deed does not make him a developer.  Rather, Mr. Blackerby signed the deed as a "Manager" of MH I, a managing member of Paradise Shores, and not in his individual capacity.  (Doc. 123, Attach. 1, Exhibit 3).  It would have been unreasonable for Plaintiffs to believe that they were transacting business with Mr. Blackerby personally.  Rather, they believed that they were working with a corporate entity.

Finally, MH I is not a developer because, as a managing member of Paradise Shores, its relationship to the Plaintiffs was as an agent. There is no indication that MH I acted in a principal capacity as a developer.

### F. Violation of FLA. STAT. § 553.84—Count IX

"Any person or party . . . damaged as a result of a violation of this part or the Florida Building Code, has a cause of action . . . against the person or party who committed the violation." FLA. STAT. § 553.84. "This statutory provision provides a cause of action when a person or entity is injured by a defendant who is engaged in construction without obtaining the required building permits or who violates the building code. *Comptech Int'l v. Milam Commerce Park*, 753 So. 2d 1219, 1222 (Fla. 1999). In our district, it has been held that the "developer/owner" of a property is not liable. *Mann v. Island Resorts Dev., Inc.*, 2008 U.S. Dist. LEXIS 102725, 5-7 (N.D. Fla. Dec. 19, 2008). "Florida law clearly holds that the building code does not impose a duty on a landowner to supervise construction to ensure compliance with the building code." *Id.* Plaintiffs should look to the "person or party who committed the violation," likely the architects, contractors, and subcontractors and not the developers and other related entities.

### G. Violation of FLA. STAT. § 501.201—Count X

A claim for damages under Florida's Deceptive Trade Practices statute has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *Wright v. Emory*, 41 So. 3d 290, 292 (Fla. Dist. Ct. App. 4th Dist. 2010).

For the reasons detailed in sections B and C, *supra,* Defendants Blackerby and MH I, as agents of Paradise Shores are not liable under this act. Plaintiff has brought forth sufficient support to allow the claim to go forward as to Magnum Capital.

**IT IS ORDERED** that the Motion for Summary Judgment (Doc. 116) is **GRANTED in part, and DENIED in part**.

1. Counts IV (Negligent Misrepresentation) and V (Negligence) are **DISMISSED as to** Defendants Robert Blackerby and MH I.

2. Counts VII (Breach of Contract) and XI (Recission) are **DISMISSED as to** Defendants Robert Blackerby, MH I, and Magnum Capital.

3. Count VIII (Breach of Warranty) is **DISMISSED as to** Defendants Robert Blackerby, and MH I.

4. Count IX (Violation of F.S. Section 553.84) is **DISMISSED as to** Defendants Robert Blackerby, MH I, and Magnum Capital.

5. Count X (Violation of F.S. Section 501.201) is **DISMISSED as to** Defendants Robert Blackerby and MH I.

6. The Motion for Summary Judgment is **DENIED** as to:

    a. Counts I (Fraud), II (Fraudulent Concealment), and III (Fraudulent Misrepresentation) as to Defendants Robert Blackerby, MH I, and Magnum Capital.

    b. Count VI (Gross Negligence) as to Defendants Robert Blackerby, MH I, and Magnum Capital.

   c. Counts IV (Negligent Misrepresentation), V (Negligence), VIII (Breach of Warranty), Count X (Violation of F.S. Section 501.201) as to Magnum Capital.

**ORDERED** on February 7, 2011

                                            <u>/S/ Richard Smoak</u>
                                            **RICHARD SMOAK**
                                            **UNITED STATES DISTRICT JUDGE**