IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSHUA S. FRIEBEL and
ELIZABETH F. FRIEBEL,
husband and wife,

    Plaintiffs,

vs.                              CASE NO. 5:10-cv-120/RS-EMT

PARADISE SHORES OF BAY COUNTY,
LLC, a Florida limited liability company;
ROBERT E. BLACKERBY, an individual;
MAGNUM CAPITAL, LLC, a Florida limited
liability company; DURDEN ENTERPRISES
II, INC., a Delaware corporation; DURDEN
ENTERPRISES, LLC, a Florida limited
liability company; ESTATE OF KEDRICK
EARL DURDEN; MICHAEL EARL DURDEN,
as Personal Representative of the Estate of
Kedrick Earl Durden; and MH I, LLC, a Florida
limited liability company,

    Defendants.
_____/

## ORDER

Before me are Defendants Paradise Shores of Bay County, LLC, Durden Enterprises II, Inc., Durden Enterprises, LLC, Estate of Kedrick Earl Durden, and Michael Earl Durden as Personal Representative of the Estate of Kedrick Earl Durden's Motion for Summary Judgment (Doc. 142) and Plaintiffs' Response in Opposition (Doc. 153).

## Standard of Review

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). In other words, the basic issue before the court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251).

## Background

Plaintiffs, husband and wife, entered into a Purchase and Sale Agreement ("the Agreement") for Unit 204 at the Paradise Shores Condominiums in Mexico Beach,

Florida on July 10, 2005.  Plaintiffs signed the agreement, and Defendant Robert Blackerby also signed as an authorized agent for Defendant Paradise Shores of Bay Count LLC ("Paradise Shores") (Doc. 38, Exhibit A).  At this time, Paradise Shores was co-owned by Defendant Robert Blackerby and Defendant Durden Enterprises LLC.[1]  Plaintiffs allege that Kedrick Earl Durden, now deceased, was the sole owner of Defendant Durden Enterprises LLC.  Plaintiffs also allege that Kedrick Earl Durden was the Chairman and CEO of Defendant Durden Enterprises II, Inc. which is now Paradise Shore's Managing Member (Doc. 123, Exhibit 144).

Nearly two years after signing the Agreement, the property in question was conveyed by warranty deed on June 19, 2007 from the grantor, Paradise Shores, to the Plaintiffs.  Defendant Robert Blackerby signed the deed on behalf of Paradise Shores in his capacity as managing member of Defendant MH I, LLC ("MH I") (Doc. 38, Exhibit B).  By this time, Paradise Shores was co-owned by Defendant MH I, which in turn was wholly owned by Defendant Robert Blackerby and Defendant Durden Enterprise LLC.[2]

After taking possession of unit 204, the Plaintiffs became aware of numerous defects including, among other things, mold, water intrusion, plumbing leaks, and structural defects.  Plaintiffs allege that all Defendants were aware of the defects prior to closing and chose not to inform Plaintiffs.  On April 1, 2008, Defendant Paradise Shores filed suit in Bay Count Circuit Court against several contractors relating to deficiencies in

---

[1] Plaintiffs allege that Defendant Robert Blackerby was the sole owner of Paradise Shores from its inception until April 5, 2005, when Defendant Robert Blackerby conveyed a 50% interest in Paradise Shores to Durden Enterprises LLC (Doc. 127, p.5).   Plaintiffs also allege that Defendant Durden Enterprises LLC was a managing member of Paradise Shores (Doc. 38, p.5).  Defendant Durden Enterprises LLC denies this (Doc. 42, p.3).  In the light most favorable to the non-movant, I will consider Durden Enterprises LLC a managing member.

[2] Plaintiffs allege that on December 7, 2005, Defendant Robert Blackerby assigned his 50% interest in Paradise Shores to MH I, which was wholly owned by Defendant Robert Blackerby (Doc. 38, p. 5).

the building (Doc. 38, p. 6-7).  On May 18, 2010, Plaintiffs filed this case against numerous defendants, including those involved in this Motion--Defendants Durden Enterprises II, Inc., Durden Enterprises, LLC ("the Durden corporate defendants"), Paradise Shores of Bay County, LLC, Estate of Kedrick Earl Durden, and Michael Earl Durden as Personal Representative of the Estate of Kedrick Earl Durden ("the Durden estate defendants").

## Discussion

### A. Claims Against the Estate

In this circuit, a claim is precluded by the judgment in a prior case when (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the judgment was final and on the merits; (3) both cases involve the same parties or those in privity with them; and (4) both cases . . . involve the same causes of action.  *Borrero v. United HealthCare of N.Y., Inc.*, 610 F.3d 1296, 1306 (11th Cir. 2010).

In probate proceedings before the Circuit Court for Bay County, Plaintiffs sought relief against the Estate of Kedrick Earl Durden.  By Order dated February 1, 2011, the Circuit Court denied the Friebels' motion for claim extension as untimely and time barred (Doc. 155, Exhibit 355).  This probate action is currently on appeal.

"[A] dismissal on statute-of-limitations grounds . . . [is] a judgment on the merits."  *Plaut v. Spendthrift Farm*, 514 U.S. 211, 228 (1995).  However, in Florida, a judgment does not become final where an appeal is taken until the appeal is affirmed and either the time for filing motions for rehearing has expired or the motions for rehearing have been denied.  *Larson & Larson, P.A. v. TSE Indus.*, 22 So. 3d 36, 49-50 (Fla. 2009).  The

doctrine of claim preclusion is, therefore, not applicable and the ruling by the state Circuit Court is not binding at this time.

I may revisit this issue should the state appeal be decided before trial. Also, I may hear any substantive issues relating to limitations periods for probate proceedings.

### B. Florida Business Organizations

In Florida, LLCs and corporations ("corporate business organizations") can be sued and can defend in their own name. FLA. STAT. § 608.404(1); *Id*. § 6.07.0302(1). As a result, managing members, officers, directors and shareholders are shielded from personal liability arising from their relationship to the corporate entity. *See* FLA. STAT. § 608.4227 (providing that persons "are not liable, *solely* by reason of being a member or serving as a manager or managing member, under a judgment, decree, or order of a court, or in any other manner, for a debt, obligation, or liability of the limited liability company") (emphasis added); *Id.* § 607.0831 (providing that directors are "not personally liable for monetary damages to the corporation or any other person for any statement, vote, decision, or failure to act, regarding corporate management or policy, by a director).

In certain limited circumstances, liability may attach for acts of malfeasance. A managing member of an LLC or a corporate director may be personally liable where:

> (a) The manager or managing member or director breached or failed to perform the duties as a manager or managing member; and

> (b) The manager's or managing member's or director's breach of, or failure to perform, those duties constitutes any of the following:

      1. A violation of the criminal law, unless the manager or managing member had a reasonable cause to believe his or her conduct was lawful or had no reasonable cause to believe such conduct was unlawful . . .

      2. A transaction from which the manager or managing member derived an improper personal benefit, either directly or indirectly.

      3. A distribution in violation . . .

      4. In a proceeding by or in the right of the limited liability company to procure a judgment in its favor or by or in the right of a member, conscious disregard of the best interest of the limited liability company, or willful misconduct.

      5. In a proceeding by or in the right of someone other than the limited liability company or a member, recklessness or an act or omission which was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

FLA. STAT. § 608.4228; *Id.* § 607.0831

A second way that a member, shareholder, or other related entity could be found liable for the actions of an LLC or corporation is though piercing the corporate veil. "In any case in which a party seeks to hold the members of a limited liability company personally responsible for the liabilities or alleged improper actions of the limited liability company, the court shall apply the case law which interprets the conditions and circumstances under which the corporate veil of a corporation may be pierced under the law of this state." FLA. STAT. § 608.701. *See also 17315 Collins Ave., LLC v. Fortune Dev. Sales Corp.*, 34 So. 3d 166, 168 (Fla. Dist. Ct. App. 3d Dist. 2010) (finding doctrine

applicable to two LLCs in a parent-subsidiary relationship where the two operated as alter egos).

Plaintiffs' claims against any defendants acting in their capacity as managing members, corporate directors, and/or stockholders are analyzed with these liability principles in mind.

### C. Fraud Based Allegations—Counts I, II, and III

Plaintiffs have withdrawn their fraudulent misrepresentation claim, leaving two remaining fraud based allegations – fraud and fraudulent concealment. These claims are related and cover similar ground.[3]

Defendant Paradise Shores admits that it is the developer of the condominium project (Doc. 142, p. 18). As the developer, its contractual relationship to the Plaintiffs along with the facts in dispute make fraud based liability a question for trial.

The Durden corporate defendants and the Durden estate defendants assert a different theory for entry of summary judgment. They suggest that the fraud based allegations are without merit because they did not "owe a duty to disclose" to Plaintiffs (Doc. 142, p. 6). As for Count I, as a matter of law, a duty to disclose is not an element of common law fraud. *Supra* note 3. That fraud claim requires an affirmative act of

---

[3] Both common law fraud is: (1) A false statement concerning a material fact; (2) Knowledge by the person making the statement that the representation is false; (3) The intent by the person making the statement that the representation will induce another to act on it; (4) Reliance on the representation to the injury of the other party. *Compare Tucker v. Mariani*, 655 So. 2d 221 (Fla. Dist. Ct. App. 1st Dist. 1995) (discussing common law fraud), *with Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010) (discussing fraudulent misrepresentation). Fraudulent concealment has the added element of a duty to disclose. *See Johnson v. Davis*, 480 So. 2d 625, 628 (Fla. 1985).

misrepresentation.  Fraudulent concealment, on the other hand, is premised on an omission and does require a duty to disclose.  *Id.*

"It is well-settled . . . that individual officers and agents of a corporation may be held personally liable for their tortious acts, even if such acts were committed within the scope of their employment or as corporate officers."  *Wadlington v. Cont'l Med. Servs.*, 907 So. 2d 631, 633 (Fla. Dist. Ct. App. 4th Dist. 2005) (citation omitted).

In the light most favorable to the Plaintiffs, the managing members of Paradise Shores – including Defendant Durden Enterprises, LLC, and Defendant Durden Enterprises II, Inc. -- could be found liable for the alleged fraudulent conduct for misrepresentation, or failure to disclose.

Likewise, the Durden Estate Defendants could be found liable for the actions that Kedrick Durden may have taken as managing member of the Durden corporate defendants in their capacity as managing members or owners of Paradise Shores.  To be clear, this potential chain of liability— (1) from Paradise Shores to the Durden corporate defendants; (2) from the Durden corporate defendants to Kedrick Durden; and (3) from Kedrick Durden to the Durden estate defendants—is premised on acting as a managing member of the preceding LLC.[4]  Away from the epicenter, liability is increasingly tenuous and will ultimately be more difficult to prove.

---

[4] Plaintiffs allege that Kedrick Durden was a managing member of Paradise Shores (Doc. 38, p.3). The weight of evidence suggests this to not be true.  Taking judicial notice of the Florida Division of Corporations records, the filings of Paradise Shores with the Division from 2005-2010 do not indicate that Kedrick Durden was a managing member.

### D. Negligence Based Allegations—Counts IV, V, VI

Plaintiffs allege negligent misrepresentation, negligence, and gross negligence. Similar to the fraudulent concealment count, these claims are based upon a failure to disclose.

Plaintiffs' negligence and negligent misrepresentation claims are essentially the same. They require the following: (1) a statement concerning a material fact that was believed to be true but which was in fact false; (2) that defendant was negligent in making the statement because he should have known the statement was false; (3) that in making the statement, defendant intended, or expected that another would rely on the statement; and (4), that claimant justifiably relied on the false statement. *In re Std. Jury Instructions in Civil Cases -- Report No. 09-01 (Reorganization of the Civil Jury Instructions)*, 35 So. 3d 666, 754 (Fla. 2010).

Plaintiff also alleges a cause of action for gross negligence. Gross negligence merely alters the second element above such that "the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct." FLA. STAT. § 768.72.

Defendant Paradise Shores admits that it is the developer of the condominium project (Doc. 142, p. 18). As the developer, its contractual relationship to the Plaintiffs along with the facts in dispute make negligence based liability a question for trial.

The Durden corporate defendants, as managing members of Paradise Shores, and the Durden estate defendants, cannot be held liable for negligent conduct resulting from their actions taken on behalf of Paradise Shores. A higher state of culpability is required.

*See* FLA. STAT. § 608.4228.  They may, however, be liable for gross negligence.  *See id.* ("For the purposes of [Section 608.4228], the term 'recklessness' means acting, or failing to act, in conscious disregard of a risk known, or so obvious that it should have been known, to the manager or managing member, and known to the manager or managing member, or so obvious that it should have been known, to be so great as to make it highly probable that harm would follow from such action or failure to act.").

### E.  Statutory Warranty Claim—Count VIII

Florida Statute section 718.203 (1) provides that a "developer shall be deemed to have granted to the purchaser of each [condominium] unit an implied warranty of fitness and merchantability.  A "'developer' means a person who creates a condominium or offers condominium parcels for sale or lease in the ordinary course of business."  Fla. Stat. § 718.103.   Here, the Defendant Paradise Shores admits that it is the developer (Doc. 142, p.18), but the other defendants deny that they are developers within the statutory definition.

"A condominium is created by recording a declaration in the public records of the county where the land is located, executed and acknowledged with the requirements for a deed."  Fla. Stat. § 718.104 (2).  The Declaration of Condominium, which was recorded, specifically states that the developer is "Paradise Shores of Bay County, LLC (Doc. 118, Exhibit 1).  Likewise, the Purchase and Sale Agreement (Doc. 38, Attach. 1) identifies the seller as "Paradise Shores of Bay County, LLC."  From the face of these documents, it appears that neither the Durden corporate defendants nor the Durden estate defendants

meet the definition of 'a person who creates a condominium.' The inquiry does not end here.

The second way to be classified as a developer is to offer the condominium for sale in the ordinary course of business. As a lender or as a managing member of Paradise Shores, neither of the Durden corporate defendants could be said to have been in the business of offering the condominium for sale in their own right. Rather, at the time of the sale, Durden Enterprises, LLC, acted as an agent of Paradise Shores. And, in the case of Durden Enterprises II, Inc., at most, it acted as a related but distinct entity. Neither are developers.

### F. Violation of FLA. STAT. § 501.201—Count X

A claim for damages under Florida's Deceptive Trade Practices statute has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *Wright v. Emory*, 41 So. 3d 290, 292 (Fla. Dist. Ct. App. 4th Dist. 2010).

For the reasons detailed in sections B and C, *supra,* the Durden corporate defendants and the Durden estate defendants were, at most, agents of Paradise Shores. As such, they are not liable under this act. Plaintiff has brought forth sufficient support to allow the claim to go forward as to Paradise Shores.

**IT IS ORDERED** that the Motion for Summary Judgment (Doc. 142) is **GRANTED in part, and DENIED in part**.

1. The relief requested in the Motion is **GRANTED** as follows:

a. Plaintiffs have withdrawn Count III (Fraudulent Misrepresentation). It is, therefore, **DISMISSED with prejudice as to** all defendants.

b. Counts IV (Negligent Misrepresentation) and V (Negligence) are **DISMISSED with prejudice as to** Defendants Durden Enterprises, LLC, Durden Enterprises II, Inc., Estate of Kedrick Earl Durden, and Michael Earl Durden as Personal Representative of the Estate of Kedrick Earl Durden.

c. Plaintiffs have represented that Counts VII (Breach of Contract) and XI (Recission) are applicable only to Defendant Paradise Shores.  To the extent that the amended complaint states otherwise, the counts are **DISMISSED with prejudice as to** Defendants Durden Enterprises, LLC, Durden Enterprises II, Inc., Estate of Kedrick Earl Durden, and Michael Earl Durden as Personal Representative of the Estate of Kedrick Earl Durden.

d. Count VIII (Breach of Warranty) is **DISMISSED with prejudice as to** Defendants Durden Enterprises, LLC, Durden Enterprises II, Inc., Estate of Kedrick Earl Durden, and Michael Earl Durden as Personal Representative of the Estate of Kedrick Earl Durden.

e. Plaintiffs have accepted my conclusions regarding Count IX (Violation of F.S. Section 553.84) as outlined in my previous Order (Doc. 133).  Count IX is, therefore, **DISMISSED with prejudice in its entirety as to** all Defendants.

f. Count X (Violation of F.S. Section 501.201) is **DISMISSED with prejudice as to** Defendants Durden Enterprises, LLC, Durden Enterprises II, Inc., Estate

of Kedrick Earl Durden, and Michael Earl Durden as Personal Representative of the Estate of Kedrick Earl Durden.

2. The Motion for Summary Judgment is **DENIED** as to:

   a. Counts I (Fraud) and II (Fraudulent Concealment) as to Defendants Paradise Shores of Bay County, LLC, Durden Enterprises, LLC, Durden Enterprises II, Inc., Estate of Kedrick Earl Durden, and Michael Earl Durden as Personal Representative of the Estate of Kedrick Earl Durden.

   b. Count VI (Gross Negligence) as to Defendants Paradise Shores of Bay County, LLC, Durden Enterprises, LLC, Estate of Kedrick Earl Durden, and Michael Earl Durden as Personal Representative of the Estate of Kedrick Earl Durden.

   c. Counts IV (Negligent Misrepresentation), V (Negligence), VII (Breach of Contract), VIII (Breach of Warranty), Count X (Violation of F.S. Section 501.201), Count XI (Recission) as to Paradise Shores of Bay County, LLC.

3. For the purpose of clarity, in light of this Order, and my previous Order (Doc. 133) these are the claims that remain open:

| | |
|---|---|
| Count I--Fraud | Paradise Shores of Bay County, Robert Blackerby, Magnum Capital, LLC, Durden Enterprises, LLC, Durden Enterprises II, Inc., Estate of Kedrick Earl Durden, Michael Earl Durden as Personal Representative of the Estate of Kedrick Earl Durden, and MH I |
| Count II--Fraudulent Concealment | Paradise Shores of Bay County, Robert Blackerby, Magnum Capital, LLC, Durden Enterprises, LLC, Durden Enterprises II, Inc., Estate of Kedrick Earl Durden, Michael Earl Durden as Personal Representative of the Estate of |

|  | Kedrick Earl Durden, and MH I |
|---|---|
| ~~Count III--Fraudulent Misrepresentation~~ |  |
| Count IV--Negligent Misrepresentation | Paradise Shores of Bay County, Magnum Capital |
| Count V--Negligence | Paradise Shores of Bay County, Magnum Capital |
| Count VI--Gross Negligence | Paradise Shores of Bay County, LLC, Robert Blackerby, Magnum Capital, Durden Enterprises, LLC, Durden Enterprises II, Inc., Estate of Kedrick Earl Durden, Michael Earl Durden as Personal Representative of the Estate of Kedrick Earl Durden, MH I |
| Count VII--Breach of Contract | Paradise Shores of Bay County |
| Count VIII--Breach of Warranty | Paradise Shores of Bay County, Magnum Capital |
| ~~Count IX--Violation of FS § 553.84~~ |  |
| Count X--Violation of FS § 501.201 | Paradise Shores of Bay County, Magnum Capital |
| Count XI--Recission | Paradise Shores of Bay County |

**ORDERED** on March 3, 2011

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**