IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSHUA S. FRIEBEL and ELIZABETH
F. FRIEBEL,

    Plaintiffs,

vs.                                    CASE NO. 5:10cv120/RS-MD

PARADISE SHORES OF BAY COUNTY,
LLC, a Florida Limited Liability Company;
ROBERT E. BLACKERBY; and MAGNUM
CAPITAL, LLC, a Florida Limited Liability
Company,

    Defendants
_____/

## ORDER

Before me is Plaintiffs' Notice of Bankruptcy Filing And Motion To Enforce Automatic Stay (Doc. 358).

The automatic stay prohibits "the commencement or continuation...of a judicial, administrative, or other action or proceeding *against* the debtor." 11 U.S.C. §362(a) (emphasis added). It is clear that the stay applies to Defendants' Motion To Enforce Settlement Agreement (Doc. 333). What is unclear is whether it applies to the underlying cause of action—where the debtors are the Plaintiffs, and they are pursuing that claim *against* Defendants. The automatic stay analysis is complicated because an adverse ruling in the underlying case could subject the Plaintiffs to liability for costs.

The role of the bankruptcy trustee must also be considered. The Bankruptcy Code charges the trustee with collecting and reducing the property of the estate to money. 11 U.S.C. §704(a). Plaintiffs' claim against the remaining Defendants is property of the

estate. *See id*. §541(a)(1); *Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. Ga. 2003) ("property of bankruptcy estate includes all potential causes of action that exist at the time petitioner files for bankruptcy"). Furthermore, a decision may be required about who is the proper party to see this case to its end—the trustee or the Friebels. *See* Fed. R. Civ. P. 25(c). In light of what has transpired in this case with the unusual obligation of the Plaintiffs to pay certain Defendants in conjunction with their dismissal, the proper plaintiff might elect to continue the case by filing the proposed findings of fact or to dismiss the case altogether.

**IT IS ORDERED:**

1. Consideration of the Motion To Enforce Settlement Agreement (Doc. 333) is stayed pending resolution of the bankruptcy case.

2. The parties shall file written memoranda not later than September 15, 2011, addressing whether the automatic stay applies to Plaintiffs' cause of action in this case and who is the proper party to pursue that claim.

**ORDERED** on September 1, 2011.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**